62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Andrew REECE, Defendant-Appellant.
 No. 94-50552.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1995.*
Decided Aug. 3, 1995.
 
 1
 Before: FARRIS and O'SCANNLAIN, Circuit Judges; TASHIMA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Charles Reece appeals the sentence imposed upon him under the Sentencing Guidelines and the restitution order imposed under the Victim Witness Protection Act ("VWPA"). We affirm.
 
 
 4
 * Reece first argues that the district court erred in ordering restitution because he has no ability to pay.
 
 
 5
 The district court derives its authority to order restitution from 18 U.S.C. Sec. 3663 and Sec. 3664, the Victim Witness Protection Act. Pursuant to section 3664(a), the district court in determining the proper restitution award must "consider," inter alia, "the financial resources of the defendant." This court has interpreted this section to require both that the district court have information regarding the defendant's financial status at sentencing and that such information substantively reflect the defendant's ability to pay either presently or in the future. See United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993); United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991).
 
 
 6
 In this case, both requirements have been met. The record establishes that the district court had at its disposal the Resentencing Report ("RSR") when it ordered the restitution. Possession of an RSR has consistently satisfied the court's first requirement that the district court have information about the defendant's financial status at sentencing. Smith, 944 F.2d at 623. Likewise, the RSR's recount of Reece's employment and educational background reflects a demonstrated ability to earn--a factor this court has relied upon in the past to establish the defendant's future ability to pay the ordered restitution. Id. Although we are concerned that Reece's ability to earn in the future at the same level he has previously enjoyed as a licensed real estate broker might be greatly limited by his felony conviction, we do not find the court's determination of $25,000 to be so high as to constitute an abuse of discretion. Accordingly, we affirm the district court's restitution order.
 
 II
 
 7
 Reece next argues that the district court improperly considered Western Federal Bank's incidental costs in determining the proper restitution award.
 
 
 8
 The Victim Witness Protection Act contains no specific language addressing the inclusion of incidental costs in determining a restitution award. This court, however, has held that the VWPA authorizes restitution for a victim's "actual loss." Id. at 626. In doing so, it has concluded that "foregone interest" is included in "actual loss" and is thus compensable. Id. Here, the inclusion of foregone interest alone results in a $35,491 increase in Western Federal's actual loss. This amount more than justifies a $25,000 restitution award. For this reason, we affirm the district court's restitution order in that amount.
 
 III
 
 9
 Finally, Reece argues that the district court erred in basing its combined offense level calculation under the Sentencing Guidelines on count nine (obstruction of justice), the count with the highest guideline offense level. Reece notes that a particular section of the Guidelines directs the sentencing court to base the combined offense level on the "most serious count." U.S.S.G. Ch. 3, Pt.D, intro. comment. paragraph 7. Reece claims that because count one carries a higher maximum statutory penalty than does count nine, count one is the "most serious count" and thus is the count upon which the district court ought to have based the combined offense level.
 
 
 10
 Reece's argument, however, ignores the plain language of section 3D1.4. of the Sentencing Guidelines. Under section 3D1.4, "the combined offense level is determined by taking the offense level applicable to the group with the highest offense level and increasing that offense level by the amount indicated in the following table." (emphasis added). Because count nine has a base offense level of 12, while count one has a base offense level of only 10, it is clear that the district court correctly deemed the former to be the base count.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3